■ SAGGOLF CORPORATION, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 49827.) — Appeal by the claimant from a judgment of the Court of Claims. Involved is the taking in 1964 by the State of approximately 0.63 acre of land situated at the northern end of Green Island, Lake George. In 1961 the State purchased a lot (the Walker lot) near the northwest tip of Green Island and, despite restrictions placed on the use of the land by prior conveyances aimed at preserving the resort-like quality of the island, began utilizing the site primarily as a temporary collection point for garbage gathered at various State-owned islands. The 1964 acquisition, here involved, was undertaken to provide further facilities for this garbage collection operation. The Court of Claims awarded the claimant $38,100 in direct damages and found no consequential damages. The award of direct damages is not contested here, only the court's failure to award consequential damages. That consequential damage was suffered seems obvious. The instant claim is limited by the legislative enactment of chapter 745 of the Laws of 1968 to damages resulting from the 1964 appropriation. The garbage collection operation which was already being carried on by the State on the prior purchased land (the Walker lot) would give rise to a claim for consequential damages to claimant's remaining landholdings on the island; the 1964 appropriation expanded the activity. It may well be that the 1964 appropriation and the resulting expansion of the garbage operation created consequential damages. A new trial should be held, limited to the question of consequential damages caused by the 1964 appropriation. Judgment modified, on the law and the facts, by reversing so much thereof as denied consequential damages and directing a new trial limited to the issue of consequential damages resulting from the 1964 taking, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.