■ DONALD R. DE CLERQ et al., Respondents, v DAVID B. PERUE, Appellant. (Action No. 1.) DONALD R. DE CLERQ et al., Respondents, v DAVID B. PERUE et al., Appellants. (Action No. 2.)—Appeal from an order of the Supreme Court at Special Term, entered August 9, 1979 in Fulton County, which granted defendant's motion to dismiss Action No. 1, and denied defendant's motion to dismiss Action No. 2. At the outset it should be noted that insofar as appellant David B. Perue seeks to appeal from dismissal of Action No. 1, he is not aggrieved and his appeal is dismissed. Action No. 2 was commenced by service of a summons with notice on the appellants in the State of Florida. The notice recites: "Notice: The object of this action is to recover damages for fraud and misrepresentation in the sale of real property located in Johnstown, New York and/or for rescission. The relief sought is $10,000.00 with interest." Special Term noted in its decision: "§ 302, CPLR, provides, [among] other things, that in personam jurisdiction may be had upon a non-domiciliary when said non-domiciliary has committed a tortious act within the State of New York." The appellants have failed to establish any lack of jurisdiction. In particular their claim that jurisdiction could not lie because it relates to the contractual sale of real property is without merit. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.

■ HOTEL SAGAMORE LAKE GEORGE, INC., Formerly SAGGOLF CORPORATION, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 60524.)—Appeal from a judgment, entered October 15, 1979, upon a decision of the Court of Claims. The State and the claimant have previously been before this court as the result of a 1964 appropriation of a portion of the claimant's land on Green Island in Lake George, New York (Saggolf Corp. v State of New York, 42 AD2d 636). In that action the court affirmed an award for direct damages, but reversed a finding of no consequential damages and directed a new trial. The present appeal is from an award of $77,000 for direct and consequential damages resulting from the subsequent appropriation of a right of way for access purposes. The issue as to the relocation of a road prior to the taking and the ruling as to the State's appraisal are discussed and analyzed in considerable detail in the opinion of the Court of Claims and we find no error which requires reversal. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.